## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RHOAN M. BAKER,                           :
                                          :      Civil Action No. 10-5790 (NLH)
                    Plaintiff,            :
                                          :
                    v.                    :      **OPINION**
                                          :
STATE OF NEW JERSEY, et al.,             :
                                          :
                    Defendants.          :

**APPEARANCES:**

Plaintiff pro se
Rhoan M. Baker
354 Doremus Ave.
Newark, N.J. 07105

**HILLMAN**, District Judge

    Plaintiff Rhoan M. Baker, a prisoner confined at Essex
County Correctional Facility in Pleasantville, New Jersey, seeks
to bring this civil action in forma pauperis, without prepayment
of fees or security, asserting claims pursuant to 42 U.S.C.
§ 1983.

    Civil actions brought in forma pauperis are governed by 28
U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.
No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which
amends 28 U.S.C. § 1915, establishes certain financial
requirements for prisoners who are attempting to bring a civil
action or file an appeal in forma pauperis.

    Under the PLRA, a prisoner seeking to bring a civil action
in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the $350 filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of

2

actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

   If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

   In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2).  More specifically, Plaintiff submitted out-of-date forms which incorrectly state that the filing fee is $150, and which contain language that indicates that withdrawals will be made from his institutional account until the $150 filing fee is paid. In fact, the filing fee is now $350 and, if Plaintiff is granted leave to proceed in forma pauperis, this Court will assess the full $350 filing fee and withdrawals will be made from

Plaintiff's institutional account until the $350 filing fee has been paid in full.

In addition, the Complaint submitted by Plaintiff is unsigned.  See Fed.R.Civ.P. 11(a).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


At Camden, New Jersey          /s/ Noel L. Hillman
                               Noel L. Hillman
                               United States District Judge
Dated: April 14, 2011

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).