**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RHOAN M. BAKER,                  :
                                 :   Civil Action No. 10-5790 (NLH)
            Plaintiff,           :
                                 :
       v.                        :   OPINION
                                 :
STATE OF NEW JERSEY, et al.,     :
                                 :
            Defendants.          :
```

**APPEARANCES:**

Plaintiff pro se
Rhoan M. Baker
121 West Bay View Ave.
Pleasantville, NJ 08232

**HILLMAN**, District Judge

Plaintiff Rhoan M. Baker, who at the time of filing of the complaint was confined at Essex County Correctional Facility in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Amended Complaint (docket entry no. 4).

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

At the time Plaintiff filed his amended complaint he was an immigration detainee confined at Essex County Correctional Facility. The Clerk of the Court subsequently received correspondence from Plaintiff indicating that he has been released from the custody of the Department of Homeland Security.

The caption of the complaint lists as defendants "State of New Jersey Office of the Public Defender Atlantic County" and City of Pleasantville, NJ Police Department." However, in the body of the complaint Plaintiff alleges claims against individuals "Nelly Marquez, Esq." and "Detective Christopher Taggart."

Plaintiff was arrested on May 9, 2008 and indicted on July 15, 2008 for numerous offenses including aggravated assault.

Plaintiff alleges that his appointed Public Defender Nelly Marquez, Esq. violated his constitutional rights by, during pretrial conferences in an Atlantic County criminal matter, failing to inform him of the immigration consequences related to accepting the State's offer of a plea bargain.

Plaintiff alleges that Detective Christopher Taggart of the Pleasantville, New Jersey police department lied and falsified

statements to secure the indictment which led to his conviction. Petitioner states that Detective Taggart did not have the relevant facts as to the underlying incident that led to his arrest. Additionally he states that Detective Taggart failed to arrest the individual who had allegedly assaulted Plaintiff.

Plaintiff attaches to his complaint a state court document that indicates that on June 23, 2010, Plaintiff's original guilty plea was withdrawn and his original sentence was vacated because he was not advised of the immigration consequences at the time of his original plea. His charge was amended to "Simple Assault Disorderly (Mutual Fighting)."

Plaintiff seeks compensation for the alleged violations in the form of unspecified monetary and punitive damages.

## DISCUSSION

### A. Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§

3

1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) because Plaintiff was a prisoner at the time he filed the complaint and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 519, 520-21 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.     Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C. <u>Claims against State of New Jersey Office of the Public Defender Atlantic County/Nelly Marquez, Esq.</u>

Plaintiff brings this suit in an attempt to recover for time spent incarcerated subsequent to a plea and conviction which was ultimately vacated because he was not advised by his public defender of the immigration consequences at the time of his plea.

Plaintiff names the State of New Jersey Office of the Public Defender in the caption of the complaint. The Office of the Public Defender is immune from suit under the Eleventh Amendment. Neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, are persons within the meaning of § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64, 70-71 and n.10 (1989); <u>Grabow v. Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). Thus, the Office of the Public Defender is not a "person" subject to suit under § 1983 and all claims against the State of New Jersey Office of the Public Defender will be dismissed.

As to Nelly Marquez, Esq., generally, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties. <u>Black v. Bayer</u>, 672 F.2d 309, 317 (3d Cir.), <u>cert. denied</u>, 459 U.S. 916 (1982). <u>Cf.</u> <u>Tower v. Glover</u>, 467 U.S. 914, 923 (1984) ("state

6

public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights").

Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors."  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. at 325.  A public defender (as any other private person) does act "under color of state law," however, when engaged in a conspiracy with state officials to deprive a defendant of federal rights. Tower v. Glover, 467 U.S. 914 (1984).

Here, Plaintiff alleges no facts that would suggest that the appointed public defender acted in any capacity other than the traditional capacity as counsel.  All claims against Nelly Marquez, Esq. must, therefore, be dismissed.

D.  **Claims against City of Pleasantville, NJ Police Department/Detective Christopher Taggart**

As a preliminary matter, the claims against the Pleasantville Police Department must be dismissed.[1]  Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be

---

[1] The Pleasantville Police Department is not a local government unit that can be sued under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  This court will construe the complaint as naming the City of Pleasantville, a local governmental unit, as a defendant.  See DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001) (collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of a local municipality, and is not a separate judicial entity.").  See also Hafer v. Melo, 502 U.S. 21, 25 (1991) (§ 1983 suit against governmental officer in official-capacity represents another way of pleading an action against an entity of which officer is an agent); Brandon v. Hold, 469 U.S. 464 (1985) (treating § 1983 action that was brought against city's director of police department as action against the city where city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n. 4 (3d Cir. 1997)(treating municipality and its police department as a single entity for purposes of § 1983 liability).

predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

Here, Plaintiff has failed to allege any facts that would suggest a basis for imposing liability upon the Pleasantville Police Department and has failed to allege any facts that would suggest that any alleged constitutional violations were a result of an official policy or custom. As such, all claims against the Pleasantville Police Department will be dismissed.

As to Detective Taggart, Plaintiff alleges that he lied during the grand jury testimony. Witnesses, including police

witnesses, are absolutely immune from civil damages based upon their testimony.  See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).  That immunity extends to investigators testifying in a grand jury proceeding.  Kulwicki v. Dawson, 969 F.2d 1454, 1467 n. 16 (3d Cir. 1992).  Accordingly, this claim must be dismissed with prejudice.

As to any claims arising out of Plaintiff's arrest on May 9, 2008, Plaintiff does not appear to present any viable theories of deprivation of constitutional rights.  However, even if Plaintiff were to present facts related to the arrest, any claims arising from those facts would appear to be time-barred.[2]

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the

---

[2] The original complaint in this matter was undated but docketed on November 3, 2010.  The Court notes that even though the original complaint was unsigned, the original application to proceed in forma pauperis was dated by the financial officer of the institution on September 7, 2010.  Even presuming that date as the filing date, the statute of limitations still would have expired by that date.

Complaint.  See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

    Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.   See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full

application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), cert. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is

12

appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, and even though Plaintiff only has made vague assertions which do not clearly set forth claims for alleged constitutional violations, any claims arising out of Plaintiff's arrest on May 9, 2008 would have accrued on that same date and as such are time-barred. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Thus, any potential claims arising out of incidents occurring on that date are time-barred and will be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[3]  Plaintiff's

---

[3] Although the Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings.  See Grayson v. Mayview

application for appointment of counsel is rendered moot by this Court's opinion herein and will be denied.  An appropriate order follows.

At Camden, New Jersey                    /s/Noel L. Hillman
                                        Noel L. Hillman
                                        United States District Judge
Dated: January 31, 2012

---

State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff indicates that he could cure the deficiencies in the Complaint by amending it or that any other basis for federal jurisdiction exists.